IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARVIN WALKER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CAPT. DAVID MASCIELLINO, ET AL. | : | NO. 22-443 |

**MEMORANDUM**

**Padova, J.**                                                                                                                  **August 15, 2023**

      Plaintiff has brought claims against Defendants Captain David Masciellino and Sergeant Jonathan Hall pursuant to 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Specifically, Plaintiff claims that Defendants were deliberately indifferent to his medical needs as a person with epilepsy who experiences seizures, by failing to place him in a cell on the first tier of his cellblock. Defendants seek the entry of Summary Judgment in their favor. For the reasons that follow, we grant the Motion in its entirety.

I.     **FACTUAL BACKGROUND**

      Plaintiff was incarcerated at the State Correctional Institution at Phoenix ("SCI-Phoenix") on a parole violation beginning on December 15, 2018. (Defs.' Ex. 1 at DEF000162; Walker Dep. (Defs.' Ex. 2) at 13.) He had previously been incarcerated at SCI Frackville, from which he had been released in June 2018. (Walker Dep. at 10, 30.) Plaintiff was given an Initial Examination at SCI Phoenix on December 20, 2018. (Pl.'s Ex. A at DEF000082.) During that initial examination, Plaintiff was found to have a broken ankle, for which he was supposed to wear a boot; benign hypertension; hypersensitivity lung disease; gastroesophageal reflux disease ("GERD"), and seizures due to epilepsy. (Id. at DEF000083-85.) Prior to that examination, his most recent seizure had had occurred in June 2018. (Id. at DEF000085.) His New Reception/Parole Violator Return Screening dated December 18, 2018, shows that he was

prescribed the following medications: famotidine, amlodipine, HCTZ, aspirin, and Dilantin. (Pl.'s Ex. B at DEF000102.) Plaintiff believed, after his medical examination, that the medical department had ordered that he be housed in a bottom bunk in a bottom tier cell because of his epilepsy. (Walker Dep. at 26-27.) Plaintiff's Inmate Medical Status shows a Medical Housing Recommendation of Ground Level and Lower Bunk beginning on April 30, 2018 and ending on June 16, 2018. (Defs.' Ex. 3 at DEF000164.) Plaintiff was again given a Medical Housing Recommendation of Ground Level and Lower Bunk on December 24, 2018. (Id.)

At SCI-Phoenix, Plaintiff was housed in cell number 2009 on the second tier of the L Block from December 18, 2018 until December 24, 2018. (Defs.' Ex. 1 at DEF000162, Statement of Material Facts ("SMF") ¶ 2; Pl.'s Answer to SMF ¶ 2.) When he first entered L Block, he told Sergeant Hall that he should be on the bottom tier in a bottom bunk. (Walker Dep. at 35; Hall Dep. (Defs.' Ex. 4) at 8-9.) Walker informed Sergeant Hall that he should be housed on the bottom tier two additional times. (Walker Dep. at 36-37.) Sergeant Hall told Walker that he was "working on it." (Id. at 37.)

On December 22, 2018, Plaintiff had a seizure and fell down a flight of stairs on the L block. (SMF ¶ 8 (citing Compl. ¶ 13); Resp. to SMF ¶ 18; Walker Dep. at 40-44.) That morning Plaintiff's roommate brought Plaintiff his breakfast tray in his cell. (Walker Dep. at 41-42.) After breakfast, he had to take his tray downstairs. (Id. at 43.) He does not remember leaving his cell or taking the tray down the stairs. (Id. at 44.) He was later told by a nurse that he had fallen down the stairs. (Id.) After his fall, Plaintiff was taken to the hospital. (Id. at 46.) Plaintiff was examined in the hospital emergency room and was found to have "[a]cute fall with seizure, subtherapeutic anticonvulsant level, right ankle pain, right talus fracture of unknown age, right calcaneal fracture unknown age." (Defs.' Ex. 5 at DEF000183.) After Plaintiff returned to SCI-Phoenix from the

hospital, he was moved to the bottom bunk in a bottom tier cell. (Walker Dep. at 59; Def. Ex. 1 at DEF000162 (showing that Plaintiff was placed in Cell 1002, bed number 01 on December 24, 2018).) In addition, Plaintiff's Inmate Medical Status shows that he was given a Medical Housing Recommendation of Ground Level and Lower Bunk on December 24, 2018. (Defs.' Ex. 3 at DEF000164.)

The Complaint asserts three claims against Defendants for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment (Compl. First, Third and Fourth Claims for Relief).[1]  Defendants have moved for the entry of summary judgment in favor of Captain Masciellino as to these claims on the ground that there is no evidence that Captain Masciellino was personally involved in the alleged violations of Plaintiff's rights under the Eighth Amendment.  During the August 8, 2023 Hearing on the instant Motion, Plaintiff's counsel agreed that there is no evidence that Captain Masciellino was personally involved in the alleged violation of Plaintiff's Eighth Amendment rights and informed the Court that Plaintiff does not oppose the entry of summary judgment in favor of Captain Masciellino.  Accordingly, we grant the Motion with respect to Plaintiff's claims against Captain Masciellino.  Defendants also move for the entry of summary judgment in favor of Sergeant Hall as to Plaintiff's First, Third and Fourth Claims for Relief because Plaintiff has adduced no evidence that would show that Sergeant Hall was deliberately indifferent to Plaintiff's medical needs.  Plaintiff opposes the Motion with respect to his claims against Sergeant Hall.

---

[1] Plaintiff's Second Claim for Relief appears to assert a Monell claim against the Pennsylvania Department of Corrections, which was dismissed as a Defendant to this action on March 7, 2022. (See Docket No. 7.)

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  An issue is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." Id.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Where the nonmoving party bears the burden of proof on a particular issue at trial, the movant's initial Celotex burden can be met simply by "pointing out to the district court" that "there is an absence of evidence to support the nonmoving party's case." Id. at 325. After the moving party has met its initial burden, the adverse party's response "must support the assertion [that a fact is genuinely disputed] by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials [that the moving party has] cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

Summary judgment is appropriate if the nonmoving party fails to respond with a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  In ruling on a summary judgment motion, we "construe the evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion." Jacobs v. Cumberland Cnty., 8 F.4th 187, 192 (3d Cir. 2021) (citing Bland v. City of Newark, 900 F.3d 77, 83 (3d Cir. 2018)).  However,

4

"[u]nsupported assertions, conclusory allegations, or mere suspicions are insufficient to overcome a motion for summary judgment." Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 252 (3d Cir. 2010) (citing Williams v. Borough of West Chester, 891 F.2d 458, 460 (3d Cir. 1989)).

## III.     DISCUSSION

Plaintiff asserts his claims against Sergeant Hall pursuant to 42 U.S.C. § 1983. "Section 1983 provides remedies for deprivations of rights established in the Constitution or federal laws. It does not, by its own terms, create substantive rights." Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (footnote omitted) (citing Baker v. McCollan, 443 U.S. 137, 145 n.3 (1979)). Consequently, in order "[t]o prevail on a § 1983 claim, [the plaintiff must] show, first, that [he] was deprived of a constitutional right and, second, that the alleged deprivation was 'committed by a person acting under color of state law.'" Harvey v. Plains Twp. Police Dep't, 635 F.3d 606, 609 (3d Cir. 2011) (quoting Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005)). It is also incumbent on the plaintiff to "identify the exact contours of the underlying right said to have been violated." Berg v. Cnty. of Allegheny, 219 F. 3d 261, 268 (3d Cir. 2000) (quotation omitted).

Plaintiff claims that Sergeant Hall violated his rights under the Eighth Amendment through deliberate indifference to his serious medical needs. "The Eighth Amendment, through its prohibition on cruel and unusual punishment, prohibits the imposition of 'unnecessary and wanton infliction of pain contrary to contemporary standards of decency.'" Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (quoting Helling v. McKinney, 509 U.S. 25, 32 (1993)). "Prison officials violate an inmate's Eighth Amendment rights when they are deliberately indifferent to an inmate's serious medical need." Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "The Third Circuit Court of Appeals has found a violation

5

of the Eighth Amendment when an inmate has a serious medical need requiring a housing assignment to the bottom tier of a facility, and prison officials are deliberately indifferent to that need." Brown v. Haldeman, Civ. A. No. 21-2085, 2021 WL 6063220, at *4 (M.D. Pa. Dec. 22, 2021) (citing Wall v. Bushman, 639 F. App'x 92, 95 (3d Cir. 2015); Manns v. Sims, Civ. A. No. 17-3815, 2018 WL 2230550, at *6 (D.N.J. May 16, 2018); Vazquez v. Yeoman, Civ. A. No. 13-1067, 2014 WL 1653113, at *6 (M.D. Pa. Apr. 23, 2014)).

"To prevail against prison officials on a claim that an inmate's conditions of confinement violated the Eighth Amendment, the inmate must meet two requirements: (1) the deprivation alleged must be, objectively, 'sufficiently serious,' and (2) the 'prison official must have a sufficiently culpable state of mind.'" Thomas v. Tice, 948 F.3d 133, 138 (3d Cir. 2020) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).  "The first element is satisfied when an inmate is deprived of 'the minimal civilized measure of life's necessities.'" Id. (quoting Wilson v. Seiter, 501 U.S. 294, 299 (1991)).  "The second element is satisfied when an inmate shows that prison officials acted with deliberate indifference to the inmate's health or safety or conditions of confinement that violated the inmate's constitutional rights." Id. (citing Wilson, 501 U.S. at 302-03).  The Plaintiff must also satisfy "a subjective knowledge standard to establish deliberate indifference, requiring a showing that prison officials actually knew of and disregarded constitutional violations." Id. (citing Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001)).  Consequently, "'[t]o overcome a motion for summary judgment, a plaintiff [alleging deliberate indifference] must come forward with evidence from which it can be inferred that the defendant-officials were . . . knowingly and unreasonably disregarding an objectively intolerable risk of harm.'"  Zamichieli v. Pa. Dep't of Corrs., No. 19-3305, 2022 WL 777201, at *3 (3d Cir. Mar.

6

14, 2022) (second and third alterations in original) (internal quotation omitted) (quoting Betts, 621 F.3d at 259).

Defendants argue that they are entitled to summary judgment with respect to Plaintiff's claims against Sergeant Hall because Plaintiff cannot satisfy the subjective knowledge standard at to Sergeant Hall. As we mentioned above, "[t]he Eighth Amendment is violated when an inmate has a serious medical need requiring a housing assignment to the bottom tier of a facility or a bottom bunk, and prison officials are deliberately indifferent to that need." Perez v. Chester CI, Civ. A No. 20-4562, 2020 WL 7384888, at *7 (E.D. Pa. Dec. 16, 2020) (citing Wall, 639 F. App'x at 95; Vazquez, 2014 WL 1653113, at *6 (M.D. Pa. Apr. 23, 2014); Guilfoil v. Pierce, Civ. A. No. 06-493, 2009 WL 688957, at *5 (D. Del. Mar. 16, 2009)). "'Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" Shorter v. United States, 12 F.4th 366, 374 (3d Cir. 2021) (quoting Farmer, 511 U.S. at 842).

There is record evidence that the Pennsylvania Department of Corrections ("DOC") was aware that Plaintiff has epilepsy and that he had been restricted to a bottom tier cell when he had been imprisoned by the DOC in the past. The DOC's records show that Plaintiff was examined by medical on December 20, 2018 and found to have seizures and epilepsy. (Pl.'s Ex. A. at DEF000084-85.) Those records also show that he was prescribed Dilantin, which is used to treat epilepsy. (Pl.'s Ex. B at DEF0000102.) In addition, Plaintiff's Inmate Medical Status shows that Plaintiff had been restricted to ground level cells when he was a DOC inmate before his release on parole in June 2018. (See Defs.' Ex. 3 at DEF000164 (showing that Plaintiff was restricted to ground level from 2/27/15 to 2/3/16, from 2/3/16 to 11/3/16, from 11/3/16 to 4/30/18, and from

7

4/30/18 until 6/16/18).) The record evidence also shows that, on the day he was assigned to a cell on the second tier of the L Block, Plaintiff told Sergeant Hall that he needed to be housed on a bottom bunk on the bottom tier. (SMF ¶ 5; Walker Dep. at 35.) Plaintiff told Sergeant Hall that he should be housed on the bottom tier a total of three times. (SMF ¶ 5; Walker Dep. at 36-37; 90-91.) The day after Plaintiff arrived on the L Block, Plaintiff told Sergeant Hall that he couldn't go up and down the steps in the cell block and needed a bottom tier cell. (Walker Dep. at 37.) Sergeant Hall told Plaintiff that he was working on it. (SMF ¶ 5; Walker Dep. at 37.)

Nonetheless, the record evidence supports Defendants' position that Sergeant Hall was not aware that Plaintiff had epilepsy and, accordingly, had a serious medical need to be housed on the bottom tier. Sergeant Hall testified at his deposition that, in December 2018, he was a Sergeant on the L Block at SCI-Phoenix. (Hall Dep. at 6-7.) He worked the 2:00 p.m. to 10:00 p.m. shift. (Id. at 7-8.) He remembers that Plaintiff approached him and requested a bottom bunk bottom tier status. (Id. at 8-9.) Plaintiff did not give him a reason for his request. (Id. at 9-10, 14.) In response to that request, Sergeant Hall contacted medical by phone. (Id. at 9.) He was told that Plaintiff was not cleared for bottom tier status. (Id.) Sergeant Hall does not have access to an inmate's medical records. (Id. at 11.) In addition, Plaintiff's Inmate Medical Status shows that he was not given a Medical Housing Recommendation of Ground Level and Lower Bunk at SCI Phoenix until December 24, 2018, after his fall. (Defs.' Ex. 3 at DEF000164.)

Plaintiff has pointed to no evidence that Sergeant Hall knew that Plaintiff "ha[d] a serious medical need requiring a housing assignment to the bottom tier of a facility or a bottom bunk." Perez, 2020 WL 7384888, at *7 (citations omitted). Therefore, we conclude that Plaintiff has failed to "come forward with evidence from which it can be inferred that [Sergeant Hall] . . . knowingly and unreasonably disregard[ed] an objectively intolerable risk of harm'" to Plaintiff.

8

Zamichieli, 2022 WL 777201, at *3 (internal quotation omitted) (quoting Betts, 621 F.3d at 259). We further conclude, accordingly, that Plaintiff has failed to show that Sergeant Hall acted with deliberate indifference to his health and safety and thus has failed to satisfy the second element of a claim that his conditions of confinement at SCI-Phoenix violated the Eighth Amendment. Thomas, 948 F.3d at 138 (quotation omitted).  We therefore grant the instant Motion for Summary Judgment with respect to Plaintiff's claims against Sergeant Hall.

## IV.   CONCLUSION

For the reasons stated above, we grant the Motion for Summary Judgment in its entirety. An appropriate order follows.

BY THE COURT:

_____
John R. Padova, J.